UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES B.[1] | : | Case No. 1:22-cv-619 |
| | : | |
| Plaintiff, | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[2]**

Plaintiff James B. brings this case challenging the Social Security Administration's denial of his applications for a period of disability and Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #10), Plaintiff's Reply (Doc. #11), and the administrative record (Doc. #8).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

1

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits on April 25, 2020, alleging disability due to several impairments, including heart disease, acid reflux, depression, hypertension, back and knee pain, and high cholesterol. (Doc. #8-3, *PageID* #117; Doc. #8-6, *PageID* #272). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a telephonic hearing before Administrative Law Judge ("ALJ") Robert W. Flynn. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[3] He reached the following main conclusions:

> Step 1:   Plaintiff has not engaged in substantial gainful activity since November 14, 2018, the alleged disability onset date.
>
> Step 2:   He has the following severe impairments: coronary artery disease with angina pectoris; hypertension; hyperlipidemia; cellulitis of the left lower extremity; history of remote myocardial infarction with coronary artery bypass graft, stent placements and angioplasty; cardiogenic shock with complete heart block, resolved; chronic systolic heart failure with recovered ejection fraction 60-65% as of March 2017; asthma; and obesity.
>
> Step 3:   Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4:   His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of performing "sedentary work [ ] except he can lift up to 10 pounds; stand or walk up to 2 hours and sit up to 6 hours in an 8-hour workday, with a 15-minute break every 2 hours and 30-minute lunch break; push or pull within his exertional abilities with his upper and lower

---

[3] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

        extremities; cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps or stairs, with at least a 30-minute interval between climbing flights of stairs; frequently balance, but not on narrow or moving surfaces; can occasionally stoop, crouch, kneel, or crawl; occasionally reach overhead; frequently handle or finger objects; and he must avoid concentrated exposure to extreme cold, extreme heat, dampness, humidity, vibration, poorly ventilated areas, or the following environmental irritants: fumes, noxious odors, dusts, chemicals, or gases; and avoid all exposure to the following hazards: unprotected heights, unprotected sharp objects, heavy machinery, moving machinery, machinery with unprotected moving parts, or work-related or commercial driving; and due to cardiac symptoms, he would likely be absent from work approximately 2 days per quarter, that is, approximately 8 days per year."

Step 4:     He is unable to perform any past relevant work.

Step 5:     He can perform a significant number of jobs that exist in the national economy.

(Doc. #8-2, *PageID* #s 44-53). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since November 14, 2018. *Id.* at 53.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #8-2, *PageID* #s 41-54), Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #10), and Plaintiff's Reply (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a

conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.** **Discussion**

Plaintiff challenges the ALJ's decision by raising two assignments of errors. (Doc. #9, *PageID* #s 1226-30). First, Plaintiff asserts that ALJ Flynn erred by using the wrong legal standard, thus creating an unwarranted additional procedural burden for Plaintiff to overcome. (Doc. #9, *PageID* #s 1226-29.) Second, Plaintiff contends that ALJ Flynn failed to properly evaluate the intensity, persistence, and limiting effects of his symptoms *Id.* at 1229-30.

In response, the Commissioner maintains that the ALJ provided a "fresh look" of Plaintiff's application consistent with Sixth Circuit precedent and properly evaluated Plaintiff's subjective symptoms and explained why they were not entirely credible. (Doc. #10, *PageID* #s 1236-52).

### A. The ALJ's Compliance with *Drummond* and *Earley*

In *Drummond*, the Sixth Circuit held that the principles of *res judicata* apply to both disability applicants and the Commissioner in Social Security cases. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997). Specifically, the *Drummond* Court found that, absent evidence of "changed circumstances" relating to an applicant's condition, "a subsequent ALJ is bound by the findings of a previous ALJ." *Id*. at 842. In response to *Drummond*, the Social Security Administration subsequently issued Acquiescence Ruling ("AR") 98-4(6), which provides:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-4(6), 1998 WL 283902, at *3 (Soc. Sec. Admin. June 1, 1998).

Thereafter, the Sixth Circuit clarified the scope of *Drummond* in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). In *Earley*, the Sixth Circuit explained that *res judicata* only applies if an applicant files a subsequent application for the same period of disability that was rejected in the prior decision. *Id*. at 933. The Sixth Circuit pointed out that *Drummond* was never intended to extend *res judicata* to foreclose review of a new application for a new period of time, reasoning that "[a]ny earlier proceeding that found or rejected the onset of disability could rarely, if ever, have 'actually litigated and resolved' whether a person was disabled at some later date." *Id*. Rather, in cases where disability is alleged for a distinct period of time, the application is

entitled to a "fresh look." *Id.* This, of course, is not to say that a subsequent ALJ cannot consider a prior ALJ's decision. After all, in the absence of new and additional evidence, the subsequent ALJ may treat the prior ALJ's findings as "legitimate, albeit not binding, consideration in reviewing a second application." *Id.*

Previously, Plaintiff filed an application for benefits, which was ultimately denied by ALJ Kenneth Wilson. (Doc. #8-3, *PageID* #s 97-109). Plaintiff's instant application for benefits, however, involves a subsequent period of time following his application before ALJ Wilson. Specifically, ALJ Wilson's decision addressed whether Plaintiff had been under a disability from February 17, 2016 through the date of his decision on November 13, 2018, while Plaintiff's instant application alleges ongoing disability from November 14, 2018 through the date of ALJ Flynn's decision on September 1, 2021. (Doc. #8-3, *PageID* #s 97-109; Doc. #8-2, *PageID* #s 41-54). In other words, Plaintiff's present application involves an entirely distinct period of time—from November 14, 2018 through September 1, 2021—that was not considered by ALJ Wilson. Accordingly, under *Earley*, ALJ Flynn was not constrained by ALJ Wilson's assessment in formulating Plaintiff's RFC for the period at issue. *See Earley*, 893 F.3d at 931.

Notwithstanding the foregoing, in his decision, ALJ Flynn cited exclusively to *Drummond* and AR 98-4(6) without providing the Sixth Circuit's further clarification from *Earley*. *See* Doc. #8-2, *PageID* #44. As a result, Plaintiff alleges that ALJ Flynn applied the wrong legal standard by believing that he was bound by ALJ Wilson's prior decision and not performing the fresh look required by *Earley*. *See* Doc. #9, *PageID* #s 1226-29.

Upon review of the record and the arguments of the parties, the undersigned finds that ALJ Flynn did provide the necessary fresh look. Evidence of ALJ Flynn's fresh look can be found throughout his opinion. For example, at step two of the disability analysis, ALJ Flynn determined that Plaintiff had numerous severe impairments, including, coronary artery disease with angina pectoris; hypertension; hyperlipidemia; cellulitis of the left lower extremity; history of remote myocardial infarction with coronary artery bypass graft, stent placements and angioplasty; cardiogenic shock with complete heart block, resolved; chronic systolic heart failure with recovered ejection fraction 60-65% as of March 2017; asthma; and obesity. (Doc. #8-2, *PageID* #s 44-47). In contrast, in the prior decision, ALJ Wilson found that Plaintiff's only severe impairments were coronary artery disease status post heart attack and hypertension. (Doc. #8-3, *PageID* #s 99-101). Adding severe impairments that were not included in the prior ALJ's decision is a strong indicator that the current ALJ conducted a fresh look at the evidence. *See Sadler v. Comm'r of Soc. Sec.*, No. 18-11689, 2019 WL 4892419, at *6 (E.D. Mich. Aug. 16, 2019), *report and recommendation adopted sub nom. Sadler v. Saul*, No. 18-11689, 2019 WL 4627035 (E.D. Mich. Sept. 24, 2019) (finding that the ALJ gave the evidence a fresh look where the ALJ added two severe impairments not included in the earlier ALJ's decision).

ALJ Flynn's fresh look is also present at step three of the disability analysis. Previously, ALJ Wilson had only assessed whether Plaintiff's cardiac impairments met Listing 4.00. (Doc. #8-3, *PageID* #s 103-02). Conversely, under the current application, ALJ Flynn also assessed Plaintiff's obesity under Social Security Ruling ("SSR") 19-2p, his hypertension under Listing 4.00(H)(1), and his respiratory impairments under Listings 3.02 and 3.03, in addition to his cardiac

impairments under Listing 4.00. (Doc. #8-2, *PageID* #s 47-48). While ALJ Flynn ultimately found that none of Plaintiff's impairments singly or in combination met or medically equaled a listing, his assessment of multiple listings that were not considered by ALJ Wilson supports a finding that he provided a fresh review of the evidence.

Further evidence that ALJ Flynn provided an independent review of the evidence is demonstrated by the new evidence contained in the record that did not exist at the time of ALJ Wilson's decision. Of note, ALJ Flynn ordered and considered a new consultative exam, which was performed by Robert Sexton, Ph.D., on November 17, 2020. (Doc. #8-8, *PageID* #s 1135-42). Significantly, ALJ Flynn found Dr. Sexton's opinion to be persuasive in his assessment of Plaintiff's mental RFC. (Doc. #8-2, *PageID* #51). ALJ Flynn also thoroughly considered new medical records from Plaintiff's treating providers, which also only involved the period currently under review and did not exist at the time of ALJ Wilson's decision. *See* Doc. #8-2, *PageID* #s 45-46, 50 (citing records from November 2018 forward).

Finally, the most significant evidence of ALJ Flynn's fresh look is his explicit finding that "new and material evidence ha[d] been received since [ALJ Wilson's decision][,]" thus warranting a different RFC from the 2018 decision. (Doc. #8-2, *PageID* #48). *See Dennis D. v. Comm'r of Soc. Sec.*, No. 3:22-CV-202, 2023 WL 2943822, at *5 (S.D. Ohio Apr. 14, 2023), *report and recommendation adopted sub nom. Dennis D. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-00202, 2023 WL 3979215 (S.D. Ohio June 13, 2023) ("Had [the current ALJ] believed himself bound by [the earlier ALJ's] decision[,] he would not have provided a different RFC."). Indeed, in crafting a different RFC from ALJ Wilson, ALJ Flynn explained that, because of the new and material

evidence, "it is appropriate to find that [Plaintiff's] [RFC] is now the one assessed in this decision, and that the undersigned is *not* bound by the 2018 determination under the *Drummond* provisions." *Id.* (emphasis added). As a result, ALJ Flynn formulated an RFC containing greater specificity and additional environmental limitations than the prior RFC assessed by ALJ Wilson. *Compare* Doc. #8-2, *PageID* #s 48-50 *with* Doc. #8-3, *PageID* #s 102-07. Based on these changes, the Court is satisfied that ALJ Flynn provided an independent review of the evidence prior to formulating Plaintiff's RFC. *See Dennis D.*, 2023 WL 2943822, at *5 (holding that the current ALJ provided a fresh look under *Earley* based, in part, on the fact that he formulated a different RFC than the prior ALJ).

In short, ALJ Flynn provided the fresh look under *Earley* to which Plaintiff was entitled. Accordingly, ALJ Flynn applied the correct legal standard, and Plaintiff's assignment of error is without merit.

B.  **Symptom Severity**

Plaintiff's second and final assignment of error is that ALJ Flynn failed to accurately evaluate his symptom severity. (Doc. #9, *PageID* #s 1229-30). When a plaintiff alleges symptoms of disabling severity, the ALJ must follow a two-step process for evaluating those symptoms. *See* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304, *2-3 (October 25, 2017).[4] First, the ALJ must determine whether the individual has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ

---

[4] SSR 16-3p, 2017 WL 5180304, which "provides guidance about how [the SSA] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms," superseded SSR 96-7p and became applicable to decisions issued on or after March 28, 2016.

must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

In performing this assessment, the ALJ is not required to analyze every factor but must still show that he considered the relevant evidence. *Roach v. Comm'r Soc. Sec.*, No. 1:20-CV-01853-JDG, 2021 WL 4553128, at *10–11 (N.D. Ohio Oct. 5, 2021). Indeed, the ALJ's assessment of an individual's subjective complaints and limitations must be supported by substantial evidence and be based on a consideration of the entire record. *Rogers*, 486 F.3d at 247 (internal quotation omitted). In turn, this evidence should be "scrutinized" for consistency. *Id*. Finally, the ALJ's explanation of his decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248.

Here, Plaintiff argues that, instead of evaluating his symptoms pursuant to the factors set forth in SSR 16-3p, ALJ Flynn impermissibly summarized his testimony along with boilerplate language that did not explain the reasons for his findings. (Doc. #9, *PageID* #s 1229-30). As such,

Plaintiff contends that the ALJ did not follow the regulations and, thus, he is entitled to a remand. *Id*.

Plaintiff's argument is well taken. While ALJ Flynn examined the evidence and outlined the proper procedure for evaluating Plaintiff's subjective statements, he not only failed to mention any of the factors set forth in SSR 16-3p and 20 C.F.R. § 404.1529(c)(3), but also failed to apply those factors to the evidence. Indeed, after reciting the procedure for assessing Plaintiff's symptoms and summarizing his testimony and some of the medical evidence, ALJ Flynn's assessment of Plaintiff's symptom severity was limited to the following statement:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Doc. #8-2, *PageID* #49). Thus, despite stating indicating that his reasons were "explained in this decision[,]" ALJ Flynn did not subsequently conduct any further analysis of Plaintiff's symptoms. *Id*. Such a failure is error. Indeed, while an ALJ is not required to consider every factor, simply "recit[ing] the factors is not enough, *see* SSR 16-3p, 2017 WL 5180304 at *10, and, in this case, ALJ Flynn did not even do that.

To be clear, the Court does not find that ALJ Flynn's use of the above boilerplate language, by itself, constitutes error. *See Baker v. Comm'r of Soc*. Sec., No. 2:17-CV-784, 2020 WL 372681, at *13 (S.D. Ohio Jan. 23, 2020), *report and recommendation adopted sub nom. Baker v. Saul*, 2020 WL 1165622 (S.D. Ohio Mar. 11, 2020) (finding ALJ's use of "not entirely consistent" boilerplate consistent with pertinent regulations and rulings when the ALJ's decision contained "a

11

robust review of the many examinations, studies, reports, and statements by Plaintiff that support his determination that Plaintiff's statements were not entirely consistent with the record as a whole"); *Cowan v. Comm'r of Soc. Sec.,* No. 1:12-CV-186, 2013 WL 1721938, at *7 (S.D. Ohio Apr. 22, 2013), *report and recommendation adopted*, No. 1:12CV186, 2013 WL 2253017 (S.D. Ohio May 22, 2013) (holding that the ALJ's use of the "not entirely consistent" boilerplate language was not "*de facto* representative of incomplete analysis."). Instead, it is ALJ Flynn's subsequent failure to adequately explain the rationale for his assessment of Plaintiff's symptoms that constitutes error. Indeed, in reviewing the agency's routine use of this "unhelpful and poorly worded" boilerplate, the Sixth Circuit has advised that its "chief concern" with the use of this boilerplate is "is the risk that an ALJ will mistakenly believe it sufficient to explain a credibility finding, as opposed to merely introducing or summarizing one." *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 260 (6th Cir. June 11, 2015).

Simply put, ALJ Flynn's failure to articulate the specific reasons for the weight given to Plaintiff's symptoms prevents the Court from being able to "reasonably discern the agency's path[,]" *Id.* at 261, in contravention of the agency's regulations. *See* SSR 16-3p, 2017 WL 5180304 at *10 (the ALJ's "decision *must* contain specific reasons for the weight given to the individual's symptoms…and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.") (emphasis added); *see also Rogers*, 486 F.3d at 248 (holding that the ALJ's explanation of his decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."). As ALJ Flynn committed an error

of law, reversal is required. *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (holding that an error of law requires remand, even if the factual findings are otherwise supported by substantial evidence) (internal quotations and citations omitted).

For the foregoing reasons, Plaintiff's assignment of error is well taken.

### C. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th

Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by caselaw; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Statement of Errors (Doc. #9) be **GRANTED**;

2. The Commissioner's non-disability finding be **VACATED**;

3. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendation; and

5. The case be terminated on the Court's docket.

January 8, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).