UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| James B.[1], | ) |
| | ) |
|     Plaintiff, | ) Case No.: 1:22-cv-00619 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) Magistrate Judge Peter B. Silvain, Jr. |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| | ) |

## ORDER

This matter is before the Court on the Magistrate Judge's January 8, 2024 Report and Recommendation ("R&R"). (Doc. 12).[2] The Magistrate Judge recommends that: Plaintiff's Statement of Errors (Doc. 9) be granted; the Commissioner's non-disability finding be vacated; no finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act; and this matter be remanded to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the

---

[1] The Magistrate Judge advises that "[t]he Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials." (Doc. 12 PAGEID 1265 n.1). *See also* S.D. Ohio General Order 22-01 ("In re: Privacy Concerns Regarding Social Security Opinions").

[2] As usual, the parties were given proper notice (Doc. 12 PAGEID 1279) under Fed. R. Civ. P. 72(b), including notice that they may forfeit rights on appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).

magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1). The Commissioner timely filed an objection to the Magistrate Judge's R&R. (Doc. 13). Plaintiff filed a response. (Doc. 14).

Plaintiff's Statement of Errors (Doc. 9) raises two issues. First, the Administrative Law Judge ("ALJ")[3] "us[ed] the wrong legal standard, thus creating an unwarranted additional procedural burden for Plaintiff to overcome." (Id. PAGEID 1226–29). Second, the ALJ "failed to properly evaluate the intensity, persistence, and limiting effects of his symptoms." (Id. PAGEID 1229–30). The Magistrate Judge finds Plaintiff's first assignment of error to be "without merit" because the ALJ "provided the fresh look under *Earley*[4] to which Plaintiff was entitled[,]" and, in so doing, "applied the correct legal standard[.]" (Doc. 12 PAGEID 1269–73).[5] However, the Magistrate Judge is persuaded by Plaintiff's second assignment of error, that the ALJ "failed to accurately evaluate his symptom severity." (Id. PAGEID 1273–77). The Commissioner objects only to the Magistrate Judge's finding as to Plaintiff's second assignment of error. (*See* Doc. 13). The Court will limit its discussion accordingly.

I. **SUMMARY OF R&R**

As recounted by the Magistrate Judge:

> When a plaintiff alleges symptoms of disabling severity, the ALJ must follow a two-step process for evaluating those symptoms. *See* 20

---

[3] Because the Appeals Council denied Plaintiff's request for review, the ALJ's decision stands as the Commissioner's final determination. (*See* Doc. 8-2 PAGEID 27–32 (Tr. 2–7)).
[4] *See Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018).
[5] Plaintiff did not file an objection to this finding.

2

C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304, *2-3 (October 25, 2017).  First, the ALJ must determine whether the individual has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.  *See* 20 C.F.R. § 404.1529(c)(3).

. . . .

Here, Plaintiff argues that, instead of evaluating his symptoms pursuant to the factors set forth in SSR 16-3p, ALJ Flynn impermissibly summarized his testimony along with boilerplate language that did not explain the reasons for his findings. (Doc. #9, *PageID #s* 1229-30).  As such, Plaintiff contends that the ALJ did not follow the regulations and, thus, he is entitled to a remand.  *Id.*

Plaintiff's argument is well taken.  While **ALJ Flynn** examined the evidence and outlined the proper procedure for evaluating Plaintiff's subjective statements, he **not only failed to mention any of the factors set forth in SSR 16-3p and 20 C.F.R. § 404.1529(c)(3), but also failed to apply those factors to the evidence**.  Indeed, after reciting the procedure for assessing Plaintiff's symptoms and summarizing his testimony and some of the medical evidence, ALJ Flynn's assessment of Plaintiff's symptom severity was limited to the following statement:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Doc. #8-2, *PageID* #49).  Thus, **despite [    ] indicating that his reasons were "explained in this decision[,]" ALJ Flynn did not subsequently conduct any further analysis of Plaintiff's symptoms.** *Id.*  **Such a failure is error.  Indeed, while an ALJ is**

3

>  **not required to consider every factor, simply "recit[ing] the factors["] is not enough,** *see* SSR 16-3p, 2017 WL 5180304, at *10, **and, in this case, ALJ Flynn did not even do that.**
>
> . . . .
>
>   Simply put, ALJ Flynn's failure to articulate the specific reasons for the weight given to Plaintiff's symptoms prevents the Court from being able to "reasonably discern the agency's path[,]" [*Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254,] 261[ (6th Cir. June 11, 2015)], in contravention of the agency's regulations. *See* SSR 16-3p, 2017 WL 5180304 at *10 (the ALJ's "decision *must* contain specific reasons for the weight given to the individual's symptoms…and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.") (emphasis added); *see also Rogers* [*v. Comm'r of Soc. Sec*.], 486 F.3d [234,] 248[ (6th Cir. 2007)] (holding that the ALJ's explanation of his decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."). As ALJ Flynn committed an error of law, reversal is required. *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (holding that an error of law requires remand, even if the factual findings are otherwise supported by substantial evidence) (internal quotations and citations omitted).
>
>   For the foregoing reasons, Plaintiff's [second] assignment of error is well taken.

(Doc. 12 PAGEID 1273–77) (footnote omitted) (emphases added).

## II. ANALYSIS OF THE COMMISSIONER'S OBJECTION

Social Security Ruling ("SSR")[6] 16-3p is a policy interpretation ruling concerning evaluation of "impairment-related symptoms" in disability claims. 2017 WL 5180304, at *2. It states plainly that, "[i]n addition to using all of the evidence to evaluate the

---

[6] SSRs do not have the same force and effect as statutes or regulations, but they are binding on <u>all components</u> of the Social Security Administration. 20 C.F.R. § 402.35(b). In some instances, SSRs are subsequently included in the Code of Federal Regulations. Id. § 402.35(a)(1). That is the case here, with 20 C.F.R. § 404.1529(c)(3) incorporating SSR 16-3p.

4

intensity, persistence, and limiting effects of an individual's symptoms, **we will also use the factors** set forth in 20 CFR 404.1529(c)(3)[.]" Id. at *7 (emphasis added). Central to the Magistrate Judge's recommendation is the following directive:

> In evaluating an individual's symptoms, it is **not sufficient** for our adjudicators **to make a single, conclusory statement** that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." It is also not enough for our adjudicators simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision **must contain specific reasons** for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and **be clearly articulated** so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

Id. at *10 (emphases added).

The Commissioner concedes that "the ALJ certainly could have discussed more regulatory factors in evaluating the credibility of Plaintiff's subjective complaints, or could have provided a more fulsome discussion," but contends that "the analysis he did offer was compliant with the minimal standards required." (Doc. 13 PAGEID 1281). The Commissioner disagrees that the ALJ "fai[led] to articulate the specific reasons for the weight given to Plaintiff's symptoms[,]" claiming that "[w]hen the ALJ's decision is read as a whole, it is clear that his [  ] analysis closely tracked the regulatory guidance." (Id. PAGEID 1282).[7] This read-as-a-whole premise, of course, directly contradicts SSR 16-3p's straightforward instruction. It also reprises an argument, nearly word-for-

---

[7] In support of this standard, the Commissioner cites an unpublished opinion—*Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014)—that obviously predates SSR 16-3p.

word, that the Commissioner advanced and the Magistrate Judge rejected. *Cf.* (Doc. 13 PAGEID 1283–87) *with* (Doc. 10 PAGEID 1248–52).

It is well-settled that an objection that "simply summarizes what has been presented before" is not an "objection" as contemplated by 28 U.S.C. § 636(b)(1). *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). Consequently, the Commissioner's Objection (Doc. 13) will be overruled.

### III. CONCLUSION

Based on the foregoing, the Court **OVERRULES** the Commissioner's Objection (Doc. 13) and **ACCEPTS** and **ADOPTS** the Magistrate Judge's January 8, 2024 Report and Recommendation (Doc. 12), which sustains Plaintiff's second assignment of error (*see* Doc. 9). The Commissioner's non-disability finding is **VACATED**. The Court makes no finding as to whether Plaintiff was under a "disability" withing the meaning of the Social Security Act and **REMANDS** this matter to the Social Security Administration (under sentence four of 42 U.S.C. § 405(g)) for further consideration consistent with the Report and Recommendation (Doc. 12). The Clerk shall enter judgment in favor of Plaintiff

(pursuant to Fed. R. Civ. P. 58)[8] and then **TERMINATE** this matter from the Court's active docket.

    **IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[8] *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence-four remand makes the plaintiff a 'prevailing party' under the E[qual Access to Justice Act.]"); *Mitchell v. O'Malley*, No. 5:23-224-DRC, 2024 WL 42302, at *1 (E.D. Ky. Jan. 3, 2024) (citing *Turner*).